NOT DESIGNATED FOR PUBLICATION

Nos. 120,919
120,920
120,922
120,923

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE LOPEZ, et al.,
*Appellees*,

v.

ULTIMATE CONSTRUCTION LLC and STEWART ENSIGN,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, magistrate judge. Opinion filed April 24, 2020. Affirmed in part, reversed in part, and remanded with directions.

*Terence E. Leibold*, of Petefish, Immel, Hird, Johnson, Leibold & Sloan L.L.P., of Lawrence, for appellants.

No appearance by appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: In these four consolidated Chapter 61 cases filed in Johnson County District Court, Plaintiffs Jose Lopez, Carmelo Galvan-Diaz, Alejandro Zapata-Gonzalez, and Don Carmago sued Defendants Ultimate Construction, LLC and Stewart Ensign for compensation due them for work they performed for the company. The district court entered judgments for the plaintiffs, and the defendants have appealed. We affirm the judgments against Ultimate Construction. We reverse as to Ensign and remand for further

1

proceedings because, given the record evidence, the district court erred in finding Ensign had been personally served with the summonses and petitions in the cases.

The only issue on appeal is whether the plaintiffs obtained valid residential service of process on Ensign personally. In the district court, the defendants conceded the plaintiffs eventually served Ultimate Construction through the Kansas Secretary of State. They really did not otherwise dispute the plaintiffs' claims against Ultimate Construction in the district court, and they do not raise any issues on appeal challenging those portions of the judgments. The facts of the underlying employment dispute are immaterial to the governing issue and are only cursorily set out in the appellate record.

The plaintiffs filed their actions in 2017 and identified a specific street address on SW Wanamaker Road in Auburn, Kansas, as Ensign's residence and the location of Ultimate Construction's registered agent. Ensign is the owner of and principal in Ultimate Construction; he is its registered agent for service of process. On December 4, 2017, a Shawnee County Sheriff's deputy delivered process for both the company and Ensign to the Wanamaker address in each of these cases. The deputy then mailed notices of the deliveries also to the Wanamaker address. See K.S.A. 2019 Supp. 61-3003(d)(1) (method of making personal and residential service in Chapter 61 actions). In outlining personal and residential service, K.S.A. 2019 Supp. 61-3003(d)(1) states:

> "(1) The party may file a written request with the clerk for personal or residence service. Personal service shall be made by delivering or offering to deliver a copy of the process and accompanying documents to the person to be served. Residence service shall be made by leaving a copy of the process and petition, or other document to be served, at the dwelling house or usual place of abode of the person to be served with some person to be served with some person of suitable age and discretion residing therein. If service cannot be made upon an individual, other than a minor or a disabled person, by personal or residence service, service may be made by leaving a copy of the process and petition, or other document to be served, at the defendant's dwelling house or usual place of abode

2

and mailing a notice that such copy has been left at such house or place of abode to the individual by first-class mail."

A lawyer representing both Ensign and Ultimate Construction filed a motion to dismiss in the consolidated cases on the grounds service had not been properly made. The lawyers for both sides filed written submissions on the issue, and the defendants submitted various documents in support of their request for dismissal. Ensign argued the Wanamaker address ceased being his residence or usual place of abode under K.S.A. 2019 Supp. 61-3003(d)(1) in October 2017 when he moved out and then leased the house to a married couple. As we have said, during the course of the litigation in the district court, the plaintiffs served Ultimate Construction a second time through the Kansas Secretary of State.

The district court denied the defendants' motion to dismiss for insufficient service of process. At the conclusion of the hearing, the district court found service on Ultimate Construction to be sufficient because the Wanamaker address had been listed with the Kansas Secretary of State for its registered agent and without any further explanation also found personal service on Ensign to be proper. In a later journal entry, the district court stated service on Ensign to have been sufficient because "he did not show he did not have possession [of the Wanamaker address] along with the renters." The district court ultimately entered judgments for the plaintiffs. The defendants have appealed.

The only point for our consideration on appeal is whether Ensign personally was served with process in substantial compliance with K.S.A. 2019 Supp. 61-3003(d)(1). And Ensign confines this challenge to whether the record evidence shows he resided at the Wanamaker address when the sheriff's deputy delivered process there. So Ensign does not fault what the deputy did to effect service. Rather, he says the address given the deputy was incorrect by December 4, 2017. Similarly, the plaintiffs never disputed the procedural propriety of Ensign's motion to dismiss in a Chapter 61 action. Nor did they

3

object to the materials Ensign submitted to the district court in support of the motion. The plaintiffs have not filed a brief in this court.

For our purposes, Ensign adequately raised and preserved the insufficiency of service of process in the district court. The evidentiary materials he submitted were and remain undisputed. We, therefore, confront what amounts to a question of law upon which we owe no particular deference to the district court. *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (when controlling facts undisputed, issue presents question of law).

We suppose that as the parties filing the motion to dismiss based on insufficiency of service, the defendants had the burden of proof in the district court. Among the materials they submitted, we turn to an affidavit dated January 5, 2018, from Carol A. Peden in which she states she and her husband leased the Wanamaker address from Ensign as of November 1, 2017, and had lived there continuously since then. Peden further states that Ensign "has not had possession of or resided at [the Wanamaker address]" after November 1, 2017. In the district court, the plaintiffs neither objected to those representations nor offered any evidence contradicting them either directly or circumstantially. Although Ensign offered other evidence suggesting he no longer resided at the Wanamaker address by November 1, including his own affidavit, Paden's undisputed averments alone are adequate to undermine the sufficiency of the service of process on Ensign personally. In short, the record evidence established that Ensign did not reside at or maintain the Wanamaker address as his usual place of abode as required by K.S.A. 2019 Supp. 61-3003(d)(1) on December 4, 2017, when the sheriff's deputy delivered process there in these cases.

The district court, therefore, erred in denying the defendants' motion to the extent the service of process on Ensign was insufficient. And, in turn, the judgments entered against Ensign must be set aside. Ensign, however, is not entitled to an order of dismissal.

Under K.S.A. 61-2902(b), if a plaintiff purports to have served process and the service is later adjudicated to be invalid because of a defect in form or procedure or in making service, then the plaintiff must be afforded 90 days to effect valid service, thereby formally commencing the action. Here, the plaintiffs come within that savings provision and should be given the opportunity to complete valid personal service on Ensign. See *Fisher v. DeCarvalho*, 298 Kan. 482, Syl. ¶ 7, 314 P.3d 214 (2013) (construing comparable statutory language in K.S.A. 60-203[b]).

We, therefore, affirm the judgments against Ultimate Construction. We reverse and remand as to Ensign with directions to the district court to: (1) set aside the judgments against him for insufficiency of service of process; (2) formally adjudicate the service of process to have been insufficient; and (3) allow the plaintiffs to obtain valid service of process consistent with K.S.A. 61-2902(b).

Affirmed in part, reversed in part, and remanded with directions.